IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TORRIE JOHNSON, | : |
| Plaintiff, | : |
| v. | : |
| | Civil Action No. GLR-11-2174 |
| CITY OF BALTIMORE DEVELOPMENT CORPORATION, et al., | : |
| | : |
| Defendants. | |
| | : |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on four motions filed by Plaintiff Torrie Johnson: (1) Motion to Compel Enforcement of Settlement Agreement (ECF No. 64); (2) Motion to Seal Plaintiff's Motion to Compel Enforcement of Settlement Agreement (ECF No. 65); (3) Motion to Seal Defendants' Exhibit 1 (ECF No. 68); and (4) Motion to Submit Surreply (ECF No. 69)[1]. The Court, having reviewed the pleadings and supporting documents, finds no hearing necessary. See Local Rule 105.6 (D.Md. 2011).

For the reasons outlined in specific detail below, Ms. Johnson's Motion to Compel Enforcement of Settlement Agreement as well as her Motions to Seal, will be granted in part and denied in part.

---

[1] Ms. Johnson's Motion to Submit Surreply will be granted as a matter of course because the document is actually a Reply, not a Surreply.

## I. BACKGROUND

On August 5, 2011, Ms. Johnson commenced the above-captioned action in this Court against Defendants City of Baltimore Development Corporation, Mayor and City Council of Baltimore, and Baltimore Office of Promotion & The Arts (collectively, "Defendants"). (ECF No. 1). According to Ms. Johnson, Defendants terminated her employment while she was on medical leave in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. (2012). (See id.) After limited discovery and an unfruitful settlement conference before United States Magistrate Judge Charles Day, the Court issued a Second Revised Scheduling Order on October 17, 2012. (See ECF No. 52). On December 12, 2012, Ms. Johnson filed a Motion to Stay Discovery Responses (ECF No. 55), which the Court granted on December 13, 2012 (see ECF No. 56). On April 18, 2013, after granting several stays in this matter (see ECF Nos. 57-62), the Court administratively closed the case in light of the parties' March 21, 2013 joint status report indicating that they had reached a settlement agreement. (See ECF No. 63). The Order administratively closing the case noted that the closure was subject to being reopened by either party if the settlement terms were rescinded. (Id.) The Order also directed the parties to provide notice to the Court upon execution of the settlement agreement and specifically directed Ms. Johnson to

2

file a notice of dismissal upon execution of said agreement so that the case could be formally closed. (Id.)

Unbeknownst to the Court, the parties finalized a settlement agreement on February 11, 2013, which included a settlement sum of $35,000, less federal and state payroll taxes. (See Pl.'s Mot. to Compel Enforcement Ex. 1, ECF No. 64-1). Instead of filing a notice of dismissal as directed in the Court's Order, however, Ms. Johnson refused to accept the settlement check because she disagreed with the amount of wage garnishments Defendants deducted from the settlement amount. The amount of wage garnishments totaled $17,406.41, which consisted of $6,669.77 and $10,736.64 in federal and state taxes respectively.

After her attempts to recoup the garnishments from Defendants became unfruitful, Ms. Johnson filed the pending motions and a Motion to Reopen the case. On June 13, 2013, the Court granted Ms. Johnson's Motion to Reopen the case and requested additional briefing on the garnishment issue. (See ECF No. 70). On June 28, 2013, Defendants submitted correspondence acknowledging that they made an error with respect to the state garnishment. (See Defs.' Correspondence, ECF No. 71). Specifically, Defendants indicated that the Comptroller of Maryland directed them to make the garnishment and that the same entity has assured them that the $10,736.64

3

will be returned to Defendants and made part of Ms. Johnson's settlement sum. (Id. at 2; see also Defs.' Correspondence Attach. 4, ECF No. 71-4). Defendants further averred that they properly complied with the IRS Notice of Levy and that they paid the garnishments in good faith. (Defs.' Correspondence at 2-4). On July 15, 2013, Ms. Johnson responded with her own correspondence requesting that the Court find the Defendants acted with malice in making the garnishments. (Pl.'s Correspondence, ECF No. 72). Ms. Johnson also asked that the Court direct Defendants to issue the settlement sum without any wage garnishment deductions. (Id.)

## II. DISCUSSION

### A. Motion to Compel Enforcement of Settlement Agreement

The Court will grant in part and deny in part Ms. Johnson's Motion to Compel Enforcement of Settlement Agreement. Specifically, Defendants will return the amount of the Maryland State garnishment, but Ms. Johnson must raise her grievances regarding the federal tax levy with the Internal Revenue Service ("IRS").

District courts "possess the inherent power to enforce settlement agreements and to enter judgments based on such agreements without a plenary hearing" when "there is no doubt as to the existence of a settlement agreement." Young v. FDIC, 103 F.3d 1180, 1194 (4th Cir. 1997) (citation omitted). Moreover,

4

having second thoughts about the results of a settlement agreement does not justify setting aside an otherwise valid agreement." Id. at 1195 (citation omitted).

It is clear that a valid settlement agreement exists. The agreement specifically states that Defendants will pay Ms. Johnson the sum of $35,000 "in full and final satisfaction of all claims in the Litigation, including all costs and attorney's fees, minus federal and state payroll taxes." (Pl.'s Mot. to Compel Ex. 1, at 1). This language includes deductions made to satisfy tax liens. Ms. Johnson avers, however, that the Defendants "unlawfully deducted $17,406.41 in wage garnishments" from the settlement sum and requests that the Defendants remit a settlement amount that excludes the garnishments. (Pl.'s Mot. to Compel ¶ 8). Ms. Johnson also requests that the Court find Defendants acted in bad faith in deducting the garnished amounts and asks that the Court award "whatever punitive remedies that may be available to her." (Pl.'s Correspondence at 6). The Court will deny both requests.

**1. State Tax Liens**

Ms. Johnson's Motion to Compel will be granted as to the state garnishment because Defendants concede that the deduction was an error and have agreed to remit that amount to Ms. Johnson. The Court finds, however, that the Defendants did not act in bad faith in erroneously deducting $10,736.64 from Ms.

5

Johnson's settlement amount and forwarding the funds to the Comptroller of Maryland to satisfy a garnishment order.

In Maryland, bad faith has been judicially defined as "vexatiously, for the purpose of harassment or unreasonable delay, or for other improper reasons." Inlet Assocs. v. Harrison Inn Inlet, Inc., 596 A.2d 1049, 1056 (Md. 1991); see also Piscatelli v. Van Smith, 35 A.3d 1140, 1148 (Md. 2012) (alterations omitted) (defining malice as "a person's actual knowledge that his or her statement is false, coupled with his or her intent to deceive another by means of that statement.").

There is nothing in the record that suggests Defendants acted in anything other than good faith when it submitted the garnishment amount to the Comptroller of Maryland. (See, e.g., Smalls Aff., ECF No. 71-2; Willis Aff., ECF No. 71-3). Moreover, Defendants' letter to counsel for the Comptroller of Maryland clearly indicates that the agency directed Defendants to honor the garnishment order. (Letter to Slyvia Brokos, ECF No. 71-4; see also Pl.'s Mot. to Compel Ex. 2, ECF No. 64-3).

As a result, the Court finds that Defendants did not withhold the $10,736.64 from Ms. Johnson for the "purpose of harassment or unreasonable delay, or for other improper reasons." Inlet, 596 A.2d at 1056. Accordingly, the Court will grant Ms. Johnson's Motion to Enforce Settlement as to the state

6

garnishment, but will deny her request for punitive damages because Defendants did not act in bad faith.

**2. Federal Tax Levy**

The Court will deny Ms. Johnson's Motion to Compel as it relates to the federal tax garnishment because Defendants properly complied with the IRS Notice of Levy and, therefore, are immune from any suit based upon that compliance.

The United States Code provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321 (2012). Federal tax liens "arise at the time the assessment is made" and continue until the lien "is satisfied or becomes unenforceable by reason of lapse of time." Id. § 6322. A federal tax levy is not satisfied until "[t]he appropriate official [issues] a certificate of release for a filed notice of Federal tax lien, no later than 30 days after the date on which he finds that the entire tax liability listed in such notice of Federal tax lien either has been full satisfied . . . or has become legally unenforceable." 26 C.F.R. § 301.6325-1(a)(1) (2012).

Ms. Johnson avers that the IRS was unable to collect on her 2000 tax debt because the lien expired on June 2011.[2] This alleged error, however, cannot be attributed to Defendants. The IRS issued the requisite certificate of release on April 17, 2013 (see Pl.'s Correspondence Ex. 1, ECF No. 72-1), after Defendants satisfied the levy. Contrary to Ms. Johnson's assertions of bad faith on behalf of the Defendants, there is nothing in the record that indicates the IRS tendered the release prior to payment of the levy or that Defendants were informed the levy had become legally unenforceable. Indeed, pursuant to 26 C.F.R. § 301.6325-1(a), it is the responsibility of the IRS to inform parties of a levy's enforceability. It failed to do so.

Therefore, the Court finds no evidence in the record that indicates Defendants acted in bad faith in tendering the $6,669.77 to the IRS. Moreover, the fact that the IRS failed to recognize an overpayment was applied to Ms. Johnson's outstanding balance until after Defendants satisfied the levy (see Pl.'s Correspondence Ex. 2) supports the Defendants'

---

[2] Ms. Johnson also avers that she was not an employee of Defendants when the IRS issued the Notice of Levy. The law, however, permits the IRS to attach the lien to "any property or rights to property acquired by [Ms. Johnson] after the lien arises." 26 C.F.R. § 301.6321-1. Therefore, the fact that Ms. Johnson was not an employee at the time the IRS issued the Notice of Levy does not automatically mean that it was unenforceable.

averment of good faith because it suggests that even the IRS believed the Defendants' payments were proper at the time. Consequently, there is no indication that Defendants have breached the settlement agreement by making this payment.

Furthermore, employers "in possession of . . . property or rights to property subject to levy upon which a levy has been made shall . . . surrender such property or rights . . . to the Secretary." 26 U.S.C. § 6332(a). Any employer who refuses to honor the IRS levy is subject to being held personally liable to the IRS. Id. § 6332(d)(1). Conversely, employers who surrender the levied property to the Secretary "shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment." Id. § 6332(e). In other words, "an employer who complies with a Notice of Levy issued by the IRS and garnishes the wages of one of its employees is immune from a later suit brought by the employee arising out of the employer's compliance with the levy." Gust v. U.S. Airways, No. 1:11cv133, 2011 WL 6296076, at *2 (W.D.N.C. Sept. 6, 2011) (citation omitted). Therefore, the law compelled Defendants to release all funds identified in the Notice of Levy. Regardless of whether the levy was valid, Ms. Johnson cannot, now, use Defendants' compliance with the law as a means of contending Defendants violated the settlement agreement. See

id. ("The validity of the levy is irrelevant to the immunity afforded the complying employer.") (citations and internal quotation marks omitted).

26 U.S.C. § 7421 permits "the United States to assess and collect taxes allegedly due without judicial intervention, and to require that legal right to disputed sums be determined in a suit for refund." MBI Motor Co., Inc. v. Lotus/East, Inc., 399 F.Supp. 774, 774 (E.D.Tenn. 1975). Therefore, Ms. Johnson's grievances regarding the federal garnishment, including the alleged statute of limitations issue, should be addressed in administrative proceedings before the IRS and/or Tax Court.

As a result, the Court will deny Ms. Johnson's Motion to Compel as to the federal garnishment, and will deny her request for punitive damages.

**B. Motions to Seal**

The Court will grant in part and deny in part Ms. Johnson's Motion to Seal Plaintiff's Motion to Compel Enforcement of Settlement Agreement and will grant Ms. Johnson's Motion to Seal Defendant's Exhibit 1.

There are two sources of a public right of access to court documents. First, the common law "presumes a right of the public to inspect and copy all judicial records and documents." Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004) (citations and internal quotation marks omitted).

This presumption may be rebutted, however, if "countervailing interests heavily outweigh the public interests in access . . . ." Id. (citation and internal quotation marks omitted). Second, the First Amendment guarantee of access is limited to certain judicial records and documents. Id. Under this standard, the court may restrict access only if there is a compelling governmental interest and the restriction is narrowly tailored. Id.

Local Rule 105.11 requires all motions to compel to provide "proposed reasons supported by specific factual representations to justify the sealing" and "an explanation why alternatives to sealing would not provide sufficient protection." In ruling on a motion to seal, the court must "give the public notice of the request to seal and a reasonable opportunity to challenge the request; . . . consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons . . . for its decision and the reasons for rejecting alternatives to sealing." Va. Dep't of State Police, 386 F.3d at 576. The public notice and challenge requirement has been satisfied because the Motions to Seal have been pending for over two months.

Ms. Johnson avers that her Motion to Compel should be sealed because the Motion contains her personal identifying number and the settlement agreement between the parties. Aside

11

from the garnishment and settlement amounts, however, the only number contained within the Motion is Ms. Johnson's telephone number. The presence of this number does not warrant sealing of the Motion to Compel because the number has appeared in previous filings, including Ms. Johnson's Complaint.

Moreover, Ms. Johnson doesn't provide any reasons why the settlement agreement should be sealed. The settlement agreement is the subject of Ms. Johnson's Motion to Compel, germane to the issues both parties raise, and referenced in several pleadings. As a result, the portions of the settlement agreement that are relevant to the pending Motion to Compel will be unsealed. Specifically, the Court will unseal paragraphs two, three, four, and twelve of the settlement agreement.

As to Exhibit 1 of Defendants' Opposition to Plaintiff's Motion to Compel and Motion to Reopen (see ECF No. 67-1), Ms. Johnson's personal e-mail address is subject to sealing. See, e.g., Rock v. McHugh, 819 F.Supp.2d 456, 475 (D.Md. 2011) (stating personal identification information may be sealed). Defendants are directed to re-submit a redacted version of the exhibit.

Therefore, I will grant both Motions to Seal in part and deny them in part. As to Ms. Johnson's Motion to Seal Plaintiff's Motion to Compel Enforcement of Settlement Agreement (see ECF No. 65), the only portion of the Motion to Compel (ECF

No. 64) subject to sealing is Exhibit 1. Ms. Johnson may submit a redacted version of the settlement agreement as outlined above. Moreover, Ms. Johnson may redact her referenced "personal identifying number." Similarly, as to Ms. Johnson's Motion to Seal Defendant's Exhibit 1 (see ECF No. 68), the Court will unseal the exhibit once Defendants redact Ms. Johnson's personal e-mail address.

Each party has fourteen days from the date of this Memorandum Opinion, and its accompanying Order, to either file redacted versions of the documents outlined herein or notify the Court that the document is withdrawn. If neither redacted versions or notices of withdrawal are filed, the Court will order the unsealing of the documents after fourteen days have passed.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, GRANT in part and DENY in part Ms. Johnson's Motion to Compel Enforcement of Settlement Agreement (ECF No. 64). Specifically, Defendants are DIRECTED to remit a settlement amount that includes the $10,736.64 state garnishment, but the $6,669.77 federal tax levy will remain unaltered. Upon the tender of that settlement check, this case will be dismissed with prejudice and closed by the Clerk. Defendants shall notify the Court when the check has been tendered or has otherwise been

made available to Ms. Johnson.  Ms. Johnson's request for punitive damages will also be DENIED.

Moreover, Ms. Johnson's Motion to Seal Plaintiff's Motion to Compel Enforcement of Settlement Agreement (ECF No. 65) and Motion to Seal Defendant's Exhibit 1 (ECF No. 68) will be GRANTED in part and DENIED in part.

Entered this 29th day of July, 2013

_____/s/_____
George L. Russell, III
United States District Judge